UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID CARMINE LETTIERI,

                    Plaintiff,

        v.

FEDERAL MEDICAL CENTER
DEVENS, et al,

                    Defendant.

CASE NO. 2:26-CV-1025-TL-DWC

REPORT AND RECOMMENDATION

Noting Date: May 26, 2026

The District Court has referred this matter to United States Magistrate Judge David W. Christel. On March 26, 2026, Petitioner David Carmine Lettieri initiated this action and, on April 26, 2026, Petitioner paid the filing fee. The Court has reviewed Petitioner's proposed petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 and finds venue is not proper in the Western District of Washington. Therefore, the Court recommends this case be transferred to the District of Massachusetts.

**I.      Background**

Petitioner is housed at Federal Medical Center – Devens ("FMC Devens"), which is located in Ayers, Massachusetts. *See* Dkt. 1-1. In the proposed petition, Petitioner alleges he was

REPORT AND RECOMMENDATION - 1

denied access to books sent to him by Books to Prisoners, a company located in Seattle, Washington. Dkt. 1. It is not clear who denied Petitioner access to the books, but Petitioner names only FMC Devens, FMC Devens Mailroom, and an unnamed correctional officer at FMC Devens as Respondents in this action. The Court has not ordered the Clerk's Office to attempt service of process and no respondent has appeared in this action.

## II.    Discussion

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, it is clear from Petitioner's proposed petition his claims arise out of actions occurring in Massachusetts at FMC Devens. As Massachusetts constitutes one judicial district, Ayers is located in the District of Massachusetts. *See* 28 U.S.C. § 101. Petitioner has not named any respondent who is located in the Western District of Washington. While Petitioner states the books were sent from a company located in Washington, the company is not named as a respondent and there are no alleged facts of wrong-doing by the company. Therefore, the Court concludes venue in the Western District of Washington is improper.

REPORT AND RECOMMENDATION - 2

Because venue is improper, the Court has the discretion to dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). Petitioner is a *pro se* filer. *See* Dkt. 1. The proposed complaint appears to contain several potential deficiencies. *See* Dkt. 5-1. For example, it is not clear if Petitioner is seeking mandamus or complaining that his constitutional rights were violated. However, the Court finds dismissing the case and directing Petitioner to refile in the District of Massachusetts would cause unnecessary delay. Therefore, the Court finds transferring, rather than dismissing, this case is appropriate.

### III.    Conclusion

The Court finds venue is improper. In the interests of justice, this case should be transferred to the proper venue, not dismissed. Accordingly, the Court recommends this case be transferred to the District of Massachusetts.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 26, 2026**.

Dated this 5th day of May, 2026.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3